# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL RIVERA,** | : | CIVIL ACTION NO. 1:12-CV-0875 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MR. JENKINS, MR. MILLER,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Daniel Rivera ("Rivera "), an inmate housed at the State Correctional Institution at Camp Hill ("SCI-Camp Hill), Pennsylvania, commenced this civil rights action on May 10, 2012, naming Mr. Jenkins and Mr. Miller as defendants. (Doc. 1.) Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of both defendants. (Doc. 11.) For the reasons set forth below, the motion to dismiss will be deemed unopposed and granted.

## I.   Procedural Background

On August 22, 2012, defendants filed a motion to dismiss. (Doc. 11.) A supporting brief was filed on September 5, 2012. (Doc. 12) In response to defendants' motion and brief, Rivera filed a motion for appointment of counsel. The motion for appointment of counsel was denied, but he was granted until September 28, 2012, to file an opposition brief. (Doc. 16.) At that time he was notified that his failure to comply with the deadline would result in the motion being deemed unopposed. (Id., citing L.R. 7.6 ("Any party opposing any motion

shall file a brief in opposition . . . [or] shall be deemed not to oppose such motion.")) Rivera moved for an extension of time to file his brief. On October 15, 2012, his motion was granted and he was afforded until October 26, 2012, to file his brief. (Doc. 17.) More than a month has passed since that deadline expired and he has failed to oppose defendants' motion. Consequently, the motion is deemed unopposed.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1947 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S. Ct. at 1949. When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000).

3

## III. Allegations of the Complaint

Rivera alleges that he is being denied medication which is necessary to prevent suicidal risks. (Doc. 1, at 2.) He alleges that defendants Miller and Jenkins were deliberately indifferent to his mental health needs by refusing him his medication. (Id.) He also indicates that he has "tried his hardest to file all grievances but was not able to fully" because he in unable to write in English. (Id.)

## IV. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Pennsylvania Department of Corrections's ("DOC") grievance procedure provides that an inmate must file a grievance with the Facility Grievance Coordinator within fifteen working days of the event upon which the claim is based. ((Doc. 12-1, at 9, 15, Policy Statement, Commonwealth of Pennsylvania, Department of Corrections, DC-ADM 804 ("DC-ADM 804"), Section 1.A.13 (Effective Date December 8, 2010)). If the grievance is properly submitted according to the grievance procedures manual, the Facility Grievance Coordinator will designate a staff member to serve as a Grievance Officer. (Id. at 16, Section 1.B.5.) Once a decision is issued, the inmate generally has fifteen working days to appeal to the prison's Facility Manager. (Id. at 27, Section 2.A.1.a.) Any inmate dissatisfied with

the disposition of an appeal to the Facility Manager may submit an Inmate Appeal to Final Review within fifteen working days of the decision. (Id. at 29, Section 2.B.1.b.) Every appeal to final review must be addressed to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (Id. at 30, Section 2.B.1.f.) Upon completion of the review, SOIGA will respond directly to the inmate using the Final Appeal Decision form. (Id. at 32, Section 2.B.2.e; at 41.)

Defendants argue that the complaint is subject to dismissal because Rivera failed to exhaust all avenues of administrative relief prior to proceeding to federal court. (Doc. 12, at 7.) Tracy Williams, a Grievance Review Officer in the Secretary's Office of Inmate Grievances and Appeals, declares that on February 5, 2012, Rivera submitted Grievance #399973 alleging that he was denied mental health treatment. (Doc. 12-1, at 6, ¶ 12; at 51.) His grievance was denied on February 16, 2012, based on the following: "You are currently monitored by the block psychologist and are seen periodically by a psychiatrist. According to your grievance you have discussed your problems and treatment suggestions with them on a number of occasions. Also, according to records there were recent mental health contacts either by a staff psychologist and/or psychiatrist on 2/2/12, 2/3/12, 1/19/12 and 1/22/12. You have been seen in a timely manner when you requested contact and your mental health status continues to be monitored monthly by the treatment provider on the block." (Doc. 12-1, at 50.) On appeal, the Facility Manager concluded that "[t]he record reflects that you are being seen regularly and when you request. Your appeal and any requested relief is denied." (Id. at 49.)

On March 21, 2012, Rivera submitted the grievance to the SOIGA for final review.  (Id. at 6, ¶ 12; at 48.)  On April 10, 2012, he was notified that his appeal was incomplete because he failed to provide a legible copy of his appeal to the Facility Manager.  (Id. at 6, ¶ 13; 47.)  He was afforded fifteen working days, or, until May 1, 2012, to provide the proper documentation.  (Id. at 47.)  On April 21, 2012, a letter was submitted to the SOIGA on Rivera's behalf indicating that he had difficulty with the English language and that he needed additional time to secure and filed the requested documents.  (Id. at 46.)  After the passage of twelve days beyond the deadline, Rivera was notified that his appeal was dismissed for failure to provide the required documentation for proper review.  (Id. at 45.)

In failing to submit the required documentation for proper review, Rivera failed to exhaust the administrative review process.  Therefore, dismissal of the complaint is appropriate.  Leave to amend is not warranted as no amendment to the complaint could cure the failure to exhaust the administrative review process.

**V.    Conclusion**

For the above-stated reasons, the court will deem defendants' motion to dismiss (Doc. 11) as unopposed and grant the motion.  An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        November 30, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL RIVERA,** | : | **CIVIL ACTION NO. 1:12-CV-0875** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MR. JENKINS, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 30th day of November, 2012, upon consideration of defendants' motion to dismiss (Doc. 11), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 11) is DEEMED unopposed and GRANTED.

2. Plaintiff's complaint is DISMISSED in its entirety.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge